IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TIMOTHY LAMAR REDDICK, :
:
    Petitioner, :
:
VS. : **1:14-CV-85 (WLS)**
:
BRIAN OWENS, :
:
    Respondent. :
:

## RECOMMENDATION

Petitioner filed this Petition for Writ of Habeas Corpus on May 27, 2014. (Doc. 1). Presently pending in this § 2254 action are Respondent's Motion to Dismiss this federal habeas Petition as untimely (Doc. 8), and Petitioner's Motion to Dismiss Petition without prejudice. (Doc. 13).

### Background

In May 2006, Petitioner pleaded nolo contendere to Theft by Deception. (Doc. 10-1). The remaining two counts were nolle processed. *Id.* On May 30, 2006, Petitioner was sentenced to ten years of probation. *Id.* The Superior Court of Calhoun County revoked the balance of Petitioner's probation in 2009. (Doc. 10-3).

Petitioner filed a state habeas petition in the Superior Court of Butts County on June 2, 2010. (Doc. 10-2). After transfer of the matter to Wheeler County, the Superior Court of Wheeler County conducted an evidentiary hearing and denied the petition on May 11, 2012. (Doc. 10-3). The Supreme Court of Georgia dismissed Petitioner's application for a certificate of probable cause to appeal as untimely on February 4, 2013. (Doc. 10-4). Petitioner contends that he filed an out-of-time appeal, which was denied, and that the Supreme Court of Georgia denied a writ of

certiorari on May 4, 2014.   (Doc. 12-1).

## Petitioner's Motion to Dismiss

Petitioner filed a Motion to Dismiss Petition without prejudice on September 4, 2014. (Doc. 13).   As Respondent has served an answer in this case, this action may not be dismissed at Petitioner's insistence except by court order.   FED. R. CIV. P. 41(a)(2).   Petitioner asserts that he "was not totally or properly informed as to the exhaustion of his state remedies and was under the impression that the state waived its rights to exhaustion when it failed to hold an evidentiary hearing."   (Doc. 13, p. 2).   Petitioner also asserts that "he is actually innocent and a miscarriage of justice resulted due to a manifest injustice."   *Id.*   Respondent opposes Petitioner's Motion to Dismiss on grounds that Respondent has already spent considerable time filing responsive pleadings and exhibits in this case.   (Doc. 14).

In light of Petitioner's desire to dismiss his petition, this Court recommends that Petitioner's Motion to Dismiss without prejudice be **GRANTED**.   However, Petitioner should be aware that 28 U.S.C. § 2244(d) establishes a one year statute of limitations for applications for writs of habeas corpus challenging state court judgments.   Although it is recommended that this petition be dismissed without prejudice, such a dismissal would not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred. *Boones v. McDonough*, 2006 WL 2644927, at *1 (N.D. Fla. 2006).   As the undersigned recommends that Petitioner's Motion to Dismiss Petition be granted, the undersigned recommends that Respondent's Motion to Dismiss Petition as Untimely be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 22nd day of December, 2014.

                                                s/ ***THOMAS Q. LANGSTAFF***
                                                **UNITED STATES MAGISTRATE JUDGE**

rmf